902 So.2d 887 (2005)
Clyde Franklin WHITE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2394.
District Court of Appeal of Florida, First District.
May 31, 2005.
*888 Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Tracy Lee Cooper and Trisha Meggs Pate, Assistant Attorneys General, Tallahassee, for Appellee.
ERVIN, J.
This is an appeal from a conviction of carrying a concealed firearm. We agree with appellant that the trial court erred in denying his motion for judgment of acquittal because, accepting the evidence in the light most favorable to the state, Johnston v. State, 863 So.2d 271, 283 (Fla.2003), under no view of the undisputed evidence is the conclusion supported that appellant "carrie[d] a concealed firearm on or about his ... person," as required by section 790.01(2), Florida Statutes (2003). We therefore reverse the conviction and set aside the judgment and sentence.
As explained in Ensor v. State, 403 So.2d 349, 354 (Fla.1981), the "[t]erm `on or about the person' means physically on the person or readily accessible to him." In the present case, the firearm that appellant was accused of possessing complied with neither requisite. Instead, the undisputed evidence discloses that although appellant had previously occupied the vehicle in which the firearm was found, and which he admitted was his, he was standing outside the automobile at the time the searching officer recovered the weapon within it. Only after the revolver was seized was appellant arrested for its possession. Under the circumstances, we consider the essential facts practically identical to those in Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996), where an officer, responding to a BOLO, followed Lamb to his home and took him into custody outside his parked automobile. The firearm was later found, as the defendant told them it would be, beneath the driver's seat. The court concluded, "At the time of his arrest, . . . the appellant's firearm was not readily accessible to him[;]" therefore, it could not be said that "he carried a concealed firearm `on or about his person.'" Id. at 668. We reach the same conclusion.
REVERSED.
KAHN, J., concurs; BENTON, J., dissents.