931 So.2d 276 (2006)
J.E.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2831.
District Court of Appeal of Florida, Fifth District.
June 23, 2006.
*277 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
J.E.S. appeals the final order entered by the trial court adjudicating him delinquent. Finding no reversible error, we affirm.
J.E.S. was charged with committing the offense of carrying a concealed firearm[1], possession of a firearm by a convicted delinquent[2], and possession of a firearm by a minor.[3] The evidence presented during the adjudicatory hearing disclosed the following relevant facts.
Deputy Nick Blazina of the Orange County Sheriff's Department was on patrol, riding with another deputy in an unmarked police car, when a vehicle began tailgating his car. When Blazina reached a red traffic light, he and the other deputy exited their car and approached the vehicle that had been tailgating them. Blazina immediately noticed the strong aroma of burning cannabis emanating from inside the vehicle. Three people were inside the car. J.E.S. was seated in the back seat. The other two individuals were in the driver's seat and in the front passenger seat. Blazina took each of the individuals out of the car, one at a time, searched each of them, and then had them sit on the curb. Blazina found leafy pieces of marijuana and seeds throughout the vehicle. While he was searching the vehicle Blazina also found a handgun under the front passenger seat. When he put the handgun on the roof of the car, J.E.S. made a spontaneous statement that the handgun belonged to him. J.E.S. told Blazina that he found the handgun in a ditch earlier that day.
At the conclusion of the adjudicatory hearing, the trial court granted a motion for judgment of acquittal on the possession of a firearm by a minor charge, based upon the State's failure to prove that J.E.S. was under the age of 18 at the time the crime was committed. The trial court adjudicated J.E.S. guilty on the remaining counts.
J.E.S. filed a motion for reconsideration of the verdict, arguing that he was not guilty of committing the crime of carrying a concealed weapon because the weapon was found in the car after he was removed from the vehicle and, therefore, he did not have actual or constructive possession of the firearm. The trial court denied the motion. J.E.S. was adjudicated delinquent and committed to a Level VI program until his nineteenth birthday. This appeal timely followed.
J.E.S. challenges his adjudication of delinquency, claiming the trial court erred in denying his motion for judgment of acquittal on the other two charges. J.E.S. first argues that the State failed to prove that he was under 24 years of age, which is an element of the offense of possession of a *278 firearm by a convicted delinquent. This argument is without merit because the trial court took judicial notice of a prior disposition order which demonstrated J.E.S. was under 24 years of age.
J.E.S. also contends that the State failed to prove that he was carrying a concealed firearm on or about his person, or that he had ready access to the firearm. He argues that when a gun is found in an empty vehicle, an accused cannot be convicted of carrying a concealed firearm even if he admits to ownership of the firearm. This argument is also without merit.
Section 790.01(2) of the Florida Statutes provides:
790.01. Carrying concealed weapons
* * *
(2) A person who carries a concealed firearm on or about his or her person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s.
§ 790.01(2), Fla. Stat. (2004).
J.E.S. argues that, based on White v. State, 902 So.2d 887 (Fla. 1st DCA 2005), the evidence presented by the State was insufficient to support a conviction for carrying a concealed firearm. The entire opinion in White sets forth as follows:
This is an appeal from a conviction of carrying a concealed firearm. We agree with appellant that the trial court erred in denying his motion for judgment of acquittal because, accepting the evidence in the light most favorable to the state, Johnston v. State, 863 So.2d 271, 283 (Fla.2003), under no view of the undisputed evidence is the conclusion supported that appellant "carrie[d] a concealed firearm on or about his ... person," as required by section 790.01(2), Florida Statutes (2003). We therefore reverse the conviction and set aside the judgment and sentence.
As explained in Ensor v. State, 403 So.2d 349, 354 (Fla.1981), the "[t]erm `on or about the person' means physically on the person or readily accessible to him." In the present case, the firearm that appellant was accused of possessing complied with neither requisite. Instead, the undisputed evidence discloses that although appellant had previously occupied the vehicle in which the firearm was found, and which he admitted was his, he was standing outside the automobile at the time the searching officer recovered the weapon within it. Only after the revolver was seized was appellant arrested for its possession. Under the circumstances, we consider the essential facts practically identical to those in Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996), where an officer, responding to a BOLO, followed Lamb to his home and took him into custody outside his parked automobile. The firearm was later found, as the defendant told them it would be, beneath the driver's seat. The court concluded, "At the time of his arrest, ... the appellant's firearm was not readily accessible to him[;]" therefore, it could not be said that "he carried a concealed firearm `on or about his person.'" Id. at 668. We reach the same conclusion.
Id. at 888. While the actual factual scenario in White is not clear, the First District did state that the facts were practically identical to those in Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996). The facts in Lamb were as follows:
At the jury trial, the appellant testified that he was driving to his niece's home when some young men approached his car and offered to sell him cocaine. He declined and drove around the block, still looking for his niece's residence. *279 He was again approached by the young men and they argued. One man punched him, cutting him on his nose and above his right eye. Blinded by the blood in his right eye and legally blind in his left eye, he backed his car down the road and came to a stop as his wheels hit the curb. He saw people approaching his car in the mirror and withdrew his gun from the glove compartment, loaded it and fired the gun in the air. The young men ran away. As he started the car and drove up the road, a person ran up, yelled something, and then fired two shots at him. The appellant testified that he did not shoot at this person and did not know he was a policeman. The appellant was shot in his right arm.
Officer Hill was cruising the area when he received a BOLO that provided him with a vague vehicle description and an occupant description. When he noticed the appellant's vehicle, he was without backup and merely followed him. His observations confirmed that the appellant was the suspect. He followed him at routine speed and radioed other units, but did not activate his overhead lights. The appellant eventually drove to his home. When he arrived, he removed the firearm from the front seat and placed it beneath the vehicle's driver's seat. Earlier, the unloaded firearm had been in his glove compartment. He then exited and locked the automobile and walked toward his home. The officer pulled up nearby and continued to observe him. However, because the appellant had earlier loaned his house key to his uncle, he was unable to enter. The officer lost sight of him for about thirty seconds, and when the appellant reappeared, he was nonchalantly walking out of his carport. No other units had yet arrived, and Officer Hill, concerned that he might be armed, ordered him to raise his hands and handcuffed him. Shortly thereafter, other officers arrived, took him into custody and transported him to the hospital for medical treatment. Later that evening, sheriff's deputies returned with the appellant to his home and inquired about the location of his firearm. He told them it was under the driver's seat of his automobile. A crime scene technician then examined the vehicle and seized the firearm.
* * *
Section 790.01(2) prohibits any unlicensed individual from carrying "a concealed firearm on or about [his] person...." "The term `on or about the person' means physically on the person or readily accessible to him." Ensor v. State, 403 So.2d 349, 354 (Fla.1981); Bailey v. State, 442 So.2d 385 (Fla. 2d DCA 1983); State v. Molins, 424 So.2d 29, 30 (Fla. 3d DCA 1982); Sutton v. State, 327 So.2d 234 (Fla. 1st DCA), cert. denied, 334 So.2d 608 (Fla.1976).
The trial court had to decide whether as a matter of law the firearm was "readily accessible." At the time of his arrest, we conclude as a matter of law that the appellant's firearm was not readily accessible to him. We agree with the appellant that no view of the undisputed evidence supports the conclusion that he carried a concealed firearm "on or about his person" in this instance. We, therefore, hold that the trial court erred in its denial of the appellant's motion for judgment of acquittal as to the charge of carrying a concealed firearm and reverse said conviction and set aside the judgment and sentence therefor.
Id. at 667-668 (emphasis added).
The instant case is factually distinguishable from Lamb. Unlike Lamb, J.E.S. was *280 sitting in the back seat of the car when he was approached by Deputy Blazina. Blazina ordered J.E.S. out of the car to be searched. Immediately after searching the persons of J.E.S. and his co-passengers, Blazina searched the car and found the gun under the front seat. Unlike Lamb, J.E.S. had not been outside of the car for hours before Blazina found the gun. At the time Blazina approached the automobile, J.E.S. was seated in the backseat of the car and the gun was on or about his person and readily accessible to him under the front seat. See Mense v. State, 570 So.2d 1390 (Fla. 3d DCA 1990) (holding shotgun on floorboard of pickup truck was "on or about the person" for purposes of statutory prohibition against carrying concealed weapon); Bailey v. State, 442 So.2d 385 (Fla. 2d DCA 1983) (holding firearm is "on or about one's person" if it is in close proximity to him within his easy reach).
AFFIRMED.
ORFINGER, J., concurs.
MONACO, J., dissents with an opinion.
MONACO, J., dissenting.
I respectfully dissent. I conclude that White v. State, 902 So.2d 887 (Fla. 1st DCA 2005), and Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996), are factually indistinguishable from the present case, and that the reasoning employed there should control the disposition of the case before us. If anything, this case presents facts more favorable to the charged juvenile than either White or Lamb. The testimony of the officer was that he found the firearm under the front seat "about in the middle, between the front floorboard and the rearrear board, in probably about the middle." Moreover, I do not believe that a gun found under a front seat of a car can be said to be readily accessible to a person who had earlier sat in a back seat, but who was arrested outside of the vehicle, particularly where there is no specific evidence reflecting that the weapon was within easy reach. I would reverse.
NOTES
[1] § 790.01(2), Fla. Stat. (2004).
[2] § 790.23(1)(b), Fla. Stat. (2004)
[3] § 790.22(3), Fla. Stat. (2004).