937 So.2d 169 (2006)
Robert Clayton GEHRING, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-945.
District Court of Appeal of Florida, Second District.
August 4, 2006.
Rehearing Denied September 15, 2006.
*170 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Robert Clayton Gehring, Jr., appeals his convictions for aggravated stalking and carrying a concealed firearm. We affirm the aggravated stalking conviction without comment. Based on the authority discussed below, we reverse the conviction for carrying a concealed firearm.
Detectives with the Lee County Sheriff's Department were investigating a complaint against Gehring for violation of an antistalking injunction. The detectives, believing they had probable cause to make an arrest for aggravated stalking, went to Gehring's address and learned that Gehring lived in a trailer on the property. They waited for fifteen minutes, and Gehring arrived in a vehicle. Gehring exited the vehicle, and the detectives explained to him that he was under arrest. Gehring was placed into a marked patrol unit that had arrived on the scene, and the detectives looked into the vehicle Gehring had been driving. In the vehicle, they found items relating to the aggravated stalking as well as shotgun shells and a pistol grip shotgun. The shotgun was lying on the front passenger seat underneath a blue jacket.
Gehring was later charged with aggravated stalking and carrying a concealed firearm. Gehring proceeded to jury trial and was convicted as charged on both counts. The trial court sentenced Gehring to five years in prison on the aggravated stalking count and to twenty-nine months and fifteen days in prison on the carrying a concealed firearm count.
On appeal, Gehring argues that the trial court erred in denying his motion for judgment of acquittal on the carrying a concealed firearm charge because the shotgun was not on or about his person when it was discovered. Gehring claims that he had gotten out of the car and was arrested before the detectives found the shotgun in the vehicle. Gehring relies on two cases: Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996), and White v. State, 902 So.2d 887 (Fla. 1st DCA 2005).
"A person who carries a concealed firearm on or about his or her person commits a felony of the third degree. . . ." § 790.01(2), Fla. Stat. (2003). "For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person." Ensor v. State, 403 So.2d 349, 354 (Fla.1981). A firearm is on or about a person if it is "physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked." Id.
In Lamb, 668 So.2d at 667, the appellant was involved in a shooting and then returned home in his car. "When he arrived, he removed the firearm from the front seat and placed it beneath the vehicle's driver's seat. . . . He then exited and locked the automobile and walked toward his home." Id. An officer who had been following the appellant pulled up nearby, observed the appellant, and then arrested him. Id. Later that evening, officers returned with the appellant to his home, the appellant informed the officers that his gun was in the car, and an officer retrieved the gun. Id. On appeal, the appellant argued that the trial court erred in denying his motion for judgment of acquittal of the charge of carrying a concealed firearm. *171 We held: "At the time of his arrest, we conclude as a matter of law that the appellant's firearm was not readily accessible to him. . . . [N]o view of the undisputed evidence supports the conclusion that he carried a concealed firearm `on or about his person' in this instance." Id. at 668. Accordingly, we reversed the conviction.
In White, 902 So.2d at 888, the First District found
that although [the] appellant had previously occupied the vehicle in which the firearm was found, and which he admitted was his, he was standing outside the automobile at the time the searching officer recovered the weapon within it. Only after the revolver was seized was [the] appellant arrested for its possession.
The court relied on Lamb and reversed the appellant's conviction of carrying a concealed firearm, concluding that the revolver was not on or about the appellant's person. Id.
The State asserts that this issue was not preserved because Gehring's trial counsel did not move for a judgment of acquittal of the carrying a concealed firearm charge on this basis. "In general, to raise a claimed error on appeal, a litigant must object at trial when the alleged error occurs. . . . The sole exception to the contemporaneous objection rule applies where the error is fundamental." F.B. v. State, 852 So.2d 226, 229 (Fla.2003). With respect to claims of insufficiency of the evidence, an error is fundamental "when the evidence is insufficient to show that a crime was committed at all. . . . Thus, an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved." Id. at 230.
In moving for a judgment of acquittal, Gehring's trial counsel did not make the specific argument that the evidence was insufficient to establish that the firearm was on or about Gehring's person. Counsel only argued that the State had not proven the aggravated stalking count. Therefore, the specific issue raised on appeal was not preserved. See Goad v. State, 887 So.2d 415, 416 (Fla. 2d DCA 2004) ("Goad did not make this argument in his motion for judgment of acquittal on the burglary charge and, thus, has not preserved this issue for review."). However, the error is fundamental because the evidence was insufficient to establish that a crime was committed at all. See F.B., 852 So.2d at 230.
The evidence presented at trial did not show that the firearm was simultaneously carried by Gehring and concealed. Based on Lamb, we must reverse Gehring's conviction for carrying a concealed firearm. Cf. J.E.S. v. State, 931 So.2d 276 (Fla. 5th DCA 2006) (holding that evidence was sufficient to support charge of carrying a concealed firearm where appellant seated in vehicle was ordered out of vehicle and search of vehicle revealed firearm hidden under seat).
Affirmed in part; reversed in part.
FULMER, C.J., and DAVIS, J., Concur.