970 So.2d 433 (2007)
STATE of Florida, Appellant,
v.
Brian HINKLE, Appellee.
No. 4D06-4527.
District Court of Appeal of Florida, Fourth District.
November 28, 2007.
Rehearing Denied January 11, 2008.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellant.
Jonathan S. Friedman of Jonathan S. Friedman, P.A., Fort Lauderdale, for appellee.
WARNER, J.
The state appeals an order granting appellee Hinkle's motion to dismiss the charge of carrying a concealed weapon pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Because the questions of whether the weapon was accessible and concealed were disputed, we reverse.
A Broward County deputy sheriff pulled over a vehicle, operated by Hinkle, for speeding. As the deputy approached, Hinkle *434 placed both hands outside the driver's side window and said "he did have a firearm in the vehicle and did not have a concealed weapons permit." In response to the deputy's inquiry into the gun's location, Hinkle stated that it was on the front passenger's seat. However, because it was Mother's Day, the gun was under a bouquet of flowers he had recently purchased. At the officer's direction, Hinkle lifted the bouquet to reveal a small stainless steel automatic weapon. The firearm was not loaded. Hinkle was charged with unlawfully, and knowingly, carrying a concealed firearm on or about his person, contrary to section 790.01(2), Florida Statutes (2006).
Hinkle filed a sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). He argued that the undisputed facts failed to establish a prima facie case. The state did not file a traverse, maintaining that the issue was one of law as to whether the facts constituted carrying a concealed weapon. The trial court granted the motion, and the state appeals.
Because a motion to dismiss pursuant to rule 3.190(c)(4) requires the lower court to make a pretrial determination of the law of the case when the facts are not in dispute, the standard of review on appeal is de novo. State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002). The state need only establish a prima facie case and "is entitled to the most favorable construction of evidence, and all inferences should be resolved against the defendant." Id.
Section 790.001(2) defines a concealed firearm as "any firearm . . . which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person." In Ensor v. State, 403 So.2d 349, 354 (Fla.1981), the supreme court established a two-pronged test under this statute, explaining:
For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term "on or about the person" means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked. The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life.
The court also held that "a weapon need not be totally hidden from view to constitute a `concealed weapon'. . . ." Id. at 353-54 (emphasis added). The outcome will turn on the facts in each case and "[i]n all instances, common sense must prevail." Id. at 354-55. In Dorelus v. State, 747 So.2d 368, 371 (Fla.1999), the supreme court noted that the issue of whether the weapon is hidden from the ordinary sight of another turns on various factors including, "the location of the weapon within the vehicle" and whether the weapon is covered or obstructed by something. Whether a weapon is concealed is ordinarily a question for the trier of fact. Id.
Taking the facts of this case in a light most favorable to the state, the firearm was on the seat next to Hinkle, readily accessible to him. Although Hinkle placed his hands outside the driver's window, the firearm was still within ready reach of Hinkle. In those cases which have determined that a firearm found in a vehicle is not on or about the defendant's person, the defendant has been outside the vehicle when the firearm is discovered. See Gehring v. State, 937 So.2d 169 (Fla. 2d DCA 2006); White v. State, 902 So.2d 887 (Fla. 1st DCA 2005); Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996).
*435 The firearm was covered by a bouquet of flowers which had to be removed to reveal its presence. For the purpose of a motion to dismiss, the evidence presented a prima facie case of concealment. Therefore, the court erred in granting the motion to dismiss.
Hinkle points to the fact that he placed his hands outside the car and told the officer of the presence of the gun as negating his offense. Intent, however, is not an element of the crime, Dorelus, 747 So.2d at 371, although it may influence a jury in determining that the firearm was not being carried in a manner to conceal its identity.
Giving the evidence the most favorable construction for the state, we conclude that the state presented a prima facie case. The court erred in granting the motion to dismiss. We therefore reverse and remand for further proceedings.
HAZOURI, J., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.