980 So.2d 1270 (2008)
STATE of Florida, Appellant,
v.
Dan Enrique LOPEZ, Appellee.
No. 2D07-482.
District Court of Appeal of Florida, Second District.
May 9, 2008.
Bill McCollum, Attorney General, Tallahassee, and Ha Thu Dao, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
LaROSE, Judge.
The State appeals the trial court's order dismissing the concealed firearm charge against Dan Enrique Lopez. We have jurisdiction, see Fla. R.App. P. 9.140(c)(1)(A), and reverse.
During a valid traffic stop, Mr. Lopez, the driver, consented to a search of his vehicle. At the officer's request, Mr. Lopez exited the car to facilitate the search. The officer found a firearm directly under the driver's seat. Mr. Lopez was arrested and charged with possession of a firearm by a convicted felon and carrying a concealed firearm. Section 790.01(2), Florida Statutes (2005), provides that "[a] person who carries a concealed firearm on or about his or her person commits a felony of the third degree. . . ." The trial court concluded that Mr. Lopez had violated his probation and sentenced him to a prison term on the felon in possession charge. The trial court dismissed the concealed firearm charge.
In dismissing that charge, the trial court relied on Gehring v. State, 937 So.2d 169 (Fla. 2d DCA 2006). In Gehring, the defendant arrived home where police detectives were waiting to arrest him for aggravated stalking. Id. at 170. After he got out of his car, the detectives arrested him and placed him in a patrol car. Id. Searching the car, they found a shotgun under a jacket on the passenger seat. Id. We reversed the conviction for carrying a concealed firearm, holding that the evidence "did not show that the firearm was simultaneously carried by Gehring and concealed." Id. at 171.
Our opinion in Gehring distinguished J.E.S. v. State, 931 So.2d 276 (Fla. 5th DCA 2006), which held that the evidence was sufficient to support a conviction for carrying a concealed firearm where the defendant was ordered out of his vehicle *1271 during a valid traffic stop and a legal search of the vehicle revealed a firearm hidden under the seat. Gehring, 937 So.2d at 171. Mr. Lopez' case is quite similar to J.E.S. See also Ensor v. State, 403 So.2d 349, 351-53 (Fla.1981) (holding trial court erred in dismissing concealed weapon charge where officers saw firearm under floormat after defendant got out of car as instructed following valid traffic stop); Mense v. State, 570 So.2d 1390, 1391-92 (Fla. 3d DCA 1990) (affirming conviction where police ordered defendant to exit vehicle after valid stop and discovered shotgun on front seat floorboard); State v. Strachan, 549 So.2d 235, 236 (Fla. 3d DCA 1989) (reversing dismissal of concealed firearm charge where officer saw firearm on floor of car after defendant got out following valid stop). Indeed, when the officer first encountered Mr. Lopez, Mr. Lopez had a firearm under his seat. The charge against Mr. Lopez alleged sufficiently that the firearm was simultaneously on or about his person and concealed. We reverse the dismissal of the charge of carrying a concealed weapon and remand for further proceedings.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.