ROWE, J.
 

 The appellant raises two issues: 1) Whether the trial court erred in denying her motion to suppress the firearm seized from her vehicle; and 2) whether the trial court erred in denying her motion for judgment of acquittal on the charge of carrying a concealed firearm. We affirm as to both issues. The first issue is affirmed without discussion; our reasoning for affirming the trial court’s denial of the motion for judgment of acquittal under the second issue is set forth in this opinion.
 

 Under section 790.01(2), Florida Statutes, “A person who carries a concealed firearm on or about his or her person commits a felony of the third degree....” In
 
 Ensor v. State,
 
 403 So.2d 349 (Fla.1981), the Florida Supreme Court construed the term “on or about the person” to mean “physically on the person or readily accessible to him.”
 
 Id.
 
 at 354. However, Florida District Courts of Appeal have disagreed on whether a firearm is “on or about the person or readily accessible” in cases involving traffic stops where firearms are found in the vehicle after the driver has exited the vehicle.
 

 In the instant case, Deputy Goodwin testified at trial that he observed a white pick-up truck which matched a description provided by dispatch based on a 911 call, and he observed the truck swerving “rather badly.” The 911 caller provided the name of the appellant as the driver of the white pick-up, and the caller stated that the appellant possessed a firearm, had been drinking, and had threatened to kill her boyfriend. Deputy Goodwin initiated a traffic stop and asked the appellant to get out of the vehicle; at that time the deputy asked whether she had a firearm, and the appellant told him she had a firearm in the car. The deputy testified that the appellant had bloodshot eyes, slurred speech, smelled of alcohol, and failed the field sobriety tests. He also testified that prior to placing the appellant under arrest for driving under the influence, she became combative. Deputy Goodwin handcuffed the appellant, placed her in his car, and found the firearm in the front passenger seat under some papers.
 

 
 *1259
 
 In traffic stop cases resulting in arrests under section 790.01(2) for carrying a concealed firearm, the First and Second Districts have held that the evidence was not sufficient to support a conviction for possession of a concealed firearm where the concealed firearm was found in the vehicle after the appellant had exited, finding that the firearm was not “on or about the person or readily accessible” at the time of arrest.
 
 White v. State,
 
 902 So.2d 887 (Fla. 1st DCA 2005);
 
 Lamb v. State,
 
 668 So.2d 666 (Fla. 2d DCA 1996). However, in
 
 J.E.S. v. State,
 
 931 So.2d 276 (Fla. 5th DCA 2006), the Fifth District construed section 790.01(2) under very similar' facts as those in the instant case and held that the evidence was sufficient to support a conviction for carrying a concealed firearm.
 

 In
 
 White,
 
 this court found that the evidence was not sufficient to support a conviction for possession of a concealed firearm where “although appellant had previously occupied the vehicle in which the firearm was found, and which he admitted was his, he was standing outside the automobile at the time the searching officer recovered the weapon within it.”
 
 Id.
 
 at 888. Likewise in
 
 Lamb,
 
 where the appellant was taken into custody outside his parked automobile and the firearm was subsequently found beneath the driver’s seat, the court held that the evidence was not sufficient to support a conviction for carrying a concealed firearm where the appellant’s firearm was not readily accessible to him at the time of his arrest: “[N]o view of the undisputed evidence supports the conclusion that he carried a concealed firearm ‘on or about his person’ in this instance.”
 
 Id.
 
 at 668.
 

 In
 
 J.E.S.,
 
 the Fifth District held just the opposite of this court’s decision in
 
 White,
 
 holding instead that the evidence was sufficient to support a conviction for carrying a concealed firearm where the appellant was ordered out of the vehicle and a subsequent search of the vehicle revealed a firearm hidden under the seat. In
 
 J.E.S.,
 
 the court found that the factual scenario in
 
 White
 
 was unclear, but since the
 
 White
 
 opinion stated that the facts were “practically identical” to those in
 
 Lamb,
 
 the court looked to the facts set out in
 
 Lamb. J.E.S.,
 
 931 So.2d at 279-280. The Fifth District distinguished the cases by the fact that the appellant in
 
 J.E.S.
 
 was sitting in the vehicle with the concealed firearm at the time the police officer approached the vehicle, but the appellant in
 
 Lamb
 
 had been outside the vehicle for some period of time before the firearm was found.
 
 Id.
 

 The instant case is factually very similar to
 
 J.E.S.,
 
 and it can be distinguished from this court’s prior decision in
 
 White
 
 in the same way that the court in
 
 J.E.S.
 
 distinguished
 
 White
 
 and
 
 Lamb.
 
 In
 
 J.E.S.,
 
 as in the instant case, the appellant was inside the vehicle with the concealed firearm at the time the law enforcement officer approached; the appellant was ordered out of the vehicle; and the firearm was found concealed in the vehicle immediately after.
 

 Here, as in
 
 J.E.S.,
 
 the concealed firearm had been “readily accessible” to the appellant immediately prior to the appellant being ordered out of the vehicle; the appellant was in the driver’s seat of the vehicle with the concealed firearm readily accessible to her in the passenger seat. Moreover, the record in the instant case demonstrates that Deputy Goodwin had reason to believe the driver was armed prior to stopping the vehicle and asking the appellant to get out. As argued by the appellee, it is contrary to reason to require a law enforcement officer to approach a vehicle containing an armed, angry, and intoxicated suspect in order to fulfill the
 
 *1260
 
 statutory requirements of section 790.01(2), Florida Statutes.
 

 AFFIRMED.
 

 BARFIELD and CLARK, JJ., concur.