HAZOURI, J.
 

 Michael Smith was charged by information with carrying a concealed firearm pursuant to section 790.01(2), Florida Statutes (2009). Smith filed a motion to dismiss, alleging as undisputed facts that he was operating his motor vehicle on July 11, 2009, when he was stopped by a sheriffs deputy for unlawful speed. Upon the realization that Smith’s license was suspended, the deputy asked him whether he had any weapons or drugs in the vehicle. Smith informed the deputy that there was a firearm under the passenger seat.
 

 At the deputy’s request, Smith stepped out of his vehicle and accompanied the deputy to his patrol car where the deputy waited for backup and conducted a license check. Approximately seven minutes later, the deputy returned to Smith’s vehicle and retrieved the firearm from under the front passenger seat.
 

 At the hearing on the motion to dismiss, defense counsel argued that dismissal was warranted because the firearm was not “readily accessible” to Smith when the firearm was retrieved while he was outside the vehicle. The trial court granted Smith’s motion to dismiss.
 

 On appeal, the state argues the trial court erred in granting Smith’s motion to dismiss because there was a prima facie case that the firearm was “readily accessible” to Smith at the time the deputy encountered Smith, and therefore Smith failed to set forth undisputed facts demonstrating that a prima facie case was not established. The state further argues that in order to prevail, Smith has to demonstrate that the weapon was not on or about his person, and that the weapon was not hidden from the ordinary sight of another person. The facts demonstrated that the weapon was under the seat beside Smith when he was approached by the deputy, and the deputy, knowing of this threat, asked Smith to exit the vehicle prior to retrieving it. We agree that the trial court erred and reverse.
 

 In entering its order granting the motion to dismiss the trial court held:
 

 The issue before the Court is one of the statutory interpretation of F.S. § 790.01, i.e., is under the passenger seat of a vehicle, when the Defendant is outside of his vehicle, “on or about his person.” In
 
 *411
 
 this particular case, under the undisputed facts, the firearm is not “on or about” the Defendant’s person.
 

 Accordingly, the Motion to Dismiss, filed pursuant to Rule 8.190(c)(4) of the Florida Rules of Criminal Procedure is GRANTED.
 
 State v. Hinkle,
 
 970 So.2d 438 (Fla. 4th DCA 2007);
 
 Lamb v. State,
 
 668 So.2d 666 (Fla. 2d DCA 1996).
 

 The standard of review on a motion to dismiss is
 
 de novo
 
 because “[t]he purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are not in dispute.”
 
 State v. Pasko,
 
 815 So.2d 680, 681 (Fla. 2d DCA 2002) (citing
 
 Styron v. State,
 
 662 So.2d 965 (Fla. 1st DCA 1995)). On such a motion, the state “is required only to show a prima facie case,” and “is entitled to the most favorable construction of the evidence, and all inferences should be resolved against the defendant.”
 
 Id.
 
 (citation omitted). The motion to dismiss should be granted “only where the most favorable construction to the state would not establish a prima facie case of guilt.”
 
 Id.
 
 (citation omitted).
 

 Section 790.01(2), Florida Statutes (2009), reads in pertinent part: “A person who carries a concealed firearm on or about his or her person commits a felony of the third degree.”
 

 Concealed firearm is defined by section 790.001(2), Florida Statutes (2009): “ ‘Concealed firearm’ means any firearm, as defined in subsection (6), which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.”
 

 In
 
 Ensor v. State,
 
 403 So.2d 349 (Fla.1981), the supreme court held:
 

 We ... find that absolute invisibility is not a necessary element to a finding of concealment under section 790.001. The operative language of that section establishes a two-fold test. For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term “on or about the person” means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle’s glove compartment, whether or not locked. The term “ordinary sight of another person” means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a person other than a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible.
 

 These statements are not intended as absolute standards. Their purpose is to make it clear that a weapon’s possible visibility from a point outside the vehicle may not, as a matter of law, preclude the weapon from being a concealed weapon under section 790.001. Similarly, a weapon’s location in some extreme part of the vehicle’s interior may be such that the trier of fact finds the weapon to be not “about the person,” and thus not concealed. In all instances, common sense must prevail. The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each case.
 

 Id.
 
 at 354-55.
 

 In
 
 Lamb v. State,
 
 668 So.2d 666 (Fla. 2d DCA 1996), an officer, in response to a BOLO, followed the defendant’s vehicle to his home. The defendant testified that when he arrived home, he removed his firearm from the front seat and placed it
 
 *412
 
 beneath the driver’s seat. The defendant then locked the car and walked toward his home. The defendant realized he did not have his house key and was unable to enter. The officer lost sight of the defendant for thirty seconds and when the defendant reappeared, “he was nonchalantly walking out of his carport.”
 
 Lamb,
 
 668 So.2d at 667. The officer ordered the defendant to raise his hands and handcuffed him because he was concerned he might be armed. He was taken to the hospital due to an injury which occurred prior to the BOLO. The police returned with the defendant to his home and asked where the firearm was. He told them it was under the seat of the vehicle. They charged him with carrying a concealed firearm, among other things. He was found guilty. On appeal, in determining whether the firearm was “ ‘on or about the person’ [which] means physically on the person or readily accessible to him,”
 
 id.
 
 at 667-68 (citations omitted), the Second District held:
 

 The trial court had to decide whether as a matter of law the firearm was “readily accessible.” At the time of his arrest, we conclude as a matter of law that the appellant’s firearm was not readily accessible to him. We agree with the appellant that no view of the undisputed evidence supports the conclusion that he carried a concealed firearm “on or about his person” in this instance. We, therefore, hold that the trial court erred in its denial of the appellant’s motion for judgment of acquittal as to the charge of carrying a concealed firearm and reverse said conviction and set aside the judgment and sentence therefor.
 

 Id.
 
 at 668.
 

 In
 
 White v. State,
 
 902 So.2d 887 (Fla. 1st DCA 2005), the undisputed evidence showed that although the defendant “had previously occupied the vehicle in which the firearm was found, and which he admitted was his, he was standing outside the automobile at the time the searching officer recovered the weapon within it. Only after the revolver was seized was appellant arrested for its possession.”
 
 Id.
 
 at 888. Citing
 
 Lamb,
 
 the First District held that the defendant’s motion for judgment of acquittal should have been granted because the essential facts were practically identical to those in
 
 Lamb
 
 and the undisputed evidence did not support a finding that the defendant carried a concealed weapon on or about his person.
 

 In
 
 J.E.S. v. State,
 
 931 So.2d 276 (Fla. 5th DCA 2006),
 
 rev. denied,
 
 941 So.2d 1171 (Fla.2006), two officers on patrol in their unmarked vehicle were being tailgated. At a red light, the officers got out and approached the vehicle tailgating them. One officer smelled burning marijuana inside the vehicle. There were three people in the car and the defendant was in the back seat. The officer took each of the individuals out of the car one at a time and searched each of them. He made them sit on the curb. He found leafy pieces and seeds of marijuana throughout the car and while searching, he found a handgun under the front passenger seat. “When he put the handgun on the roof of the car, J.E.S. made a spontaneous statement that the handgun belonged to him” and he found it in a ditch earlier that day.
 
 Id.
 
 at 277. The trial court adjudicated him guilty. J.E.S. filed a motion for reconsideration arguing that he was not guilty “because the weapon was found in the car after he was removed from the vehicle and, therefore, he did not have actual or constructive possession of the firearm.”
 
 Id.
 
 The trial court denied the motion and the defendant appealed. He argued “that when a gun is found in an empty vehicle, an accused cannot be convicted of carrying a concealed firearm even if he admits to ownership of the firearm,” relying on
 
 White. Id.
 
 at 278.
 

 
 *413
 
 The Fifth District quoted at length from
 
 White
 
 and
 
 Lamb.
 
 The court in
 
 White
 
 said the facts therein were practically identical to
 
 Lamb.
 
 However, in
 
 J.E.S.,
 
 the court concluded that the facts therein were distinguishable from
 
 White
 
 and
 
 Lamb
 
 because J.E.S. had just been ordered out of the vehicle and then he and the car were immediately searched. J.E.S. had not been outside of the car for hours, as in
 
 Lamb,
 
 when the gun was found. It further concluded that “[a]t the time [the officer] approached the automobile, J.E.S. was seated in the backseat of the car and the gun was on or about his person and readily accessible to him under the front seat.”
 
 J.E.S.,
 
 931 So.2d at 280 (citations omitted). The district court affirmed the defendant’s conviction.
 

 In
 
 Gehring v. State,
 
 937 So.2d 169 (Fla. 2d DCA 2006), the police went to the defendant’s address believing they had probable cause to arrest him for aggravated stalking. He lived in a trailer at the address and the police waited there until the defendant arrived fifteen minutes later. The defendant got out of his vehicle and the police told him that he was under arrest. He was placed in the police car and the police looked in his vehicle. There they found items related to the aggravated stalking as well as shotgun shells and a pistol grip shotgun. The shotgun was found lying on the front passenger seat underneath a jacket. Gehring was charged with aggravated stalking and carrying a concealed firearm. The jury convicted Gehring of both charges. On appeal, he argued that the trial court erred in denying his motion for judgment of acquittal on the firearm charge because the shotgun was not on or about his person when it was discovered as he had gotten out of the car and was under arrest when the shotgun was found, citing
 
 White
 
 and
 
 Lamb.
 

 The Second District concluded that “[t]he evidence presented at trial did not show that the firearm was simultaneously carried by Gehring and concealed.”
 
 Gehring,
 
 937 So.2d at 171. Relying on
 
 Lamb,
 
 the court reversed his conviction. The court also cited
 
 J.E.S.
 
 in comparison, indicating it was different because the defendant was ordered out of the vehicle and then it was searched.
 

 In
 
 State v. Hinkle,
 
 970 So.2d 433 (Fla. 4th DCA 2007), the trial court granted the defendant’s motion to dismiss the charge of carrying a concealed weapon and the state appealed. The defendant was pulled over for speeding and as the deputy approached, the defendant put both hands outside the driver’s side window and stated “he did have a firearm in the vehicle and did not have a concealed weapons permit.”
 
 Hinkle,
 
 970 So.2d at 434. The deputy asked where the gun was and the defendant told him it was on the front passenger seat. There was a Mother’s Day bouquet of flowers on top of the gun. The deputy directed Hinkle to lift the bouquet and the gun was revealed. It was not loaded. On appeal, this court held:
 

 Taking the facts of this case in a light most favorable to the state, the firearm was on the seat next to Hinkle, readily accessible to him. Although Hinkle placed his hands outside the driver’s window, the firearm was still within ready reach of Hinkle. In those cases which have determined that a firearm found in a vehicle is not on or about the defendant’s person, the defendant has been outside the vehicle when the firearm is discovered.
 

 Id.
 
 at 434 (citations omitted). This court then cited
 
 Gehring, White,
 
 and
 
 Lamb.
 
 The facts of
 
 Hinkle,
 
 however, are not similar and this court found that a prima facie case of concealment had been shown by the state.
 

 
 *414
 
 In
 
 State v. Lopez,
 
 980 So.2d 1270 (Fla. 2d DCA 2008), during a valid traffic stop, the defendant/driver consented to have his vehicle searched. The officer requested he get out of the car to facilitate the search. The firearm was found under the driver’s seat. The trial court dismissed the carrying a concealed weapon charge relying on
 
 Gehring.
 
 On appeal, the Second District reversed the dismissal noting that, in
 
 Gehring,
 
 it distinguished
 
 J.E.S.,
 
 which held that the evidence was sufficient to support the conviction where the defendant was ordered out of the vehicle during a valid traffic stop and a firearm was found hidden under the seat during a legal search of the vehicle. The court concluded that when the officer first encountered the defendant, the firearm was under his seat. “The charge against Mr. Lopez alleged sufficiently that the firearm was simultaneously on or about his person and concealed.”
 
 Lopez,
 
 980 So.2d at 1271.
 

 In
 
 Evans v. State,
 
 24 So.3d 1257 (Fla. 1st DCA 2009), a deputy observed a white pickup truck which matched a description given in a 911 call. The pickup truck was swerving around. The 911 caller had given Evans’s name as the driver and said she possessed a firearm, had been drinking, and had threatened to kill the caller’s boyfriend. The deputy stopped the truck and asked Evans to get out of the vehicle. He also asked whether she had a firearm, which Evans confirmed. She failed the field sobriety test and became combative prior to her arrest. After she was handcuffed and placed in the deputy’s car, he found the firearm on the front passenger seat under some papers. Evans was convicted of carrying a concealed firearm and appealed arguing the trial court erred in denying her motion for judgment of acquittal. In affirming her conviction, the First District distinguished
 
 White
 
 and
 
 Lamb
 
 as the Fifth District had in
 
 J.E.S.
 
 and found that as in
 
 J.E.S.,
 
 “the appellant was inside the vehicle with the concealed firearm at the time the law enforcement officer approached; the appellant was ordered out of the vehicle; and the firearm was found concealed in the vehicle immediately after.”
 
 Evans,
 
 24 So.3d at 1259. The firearm was readily accessible immediately prior to the defendant being ordered out of the car.
 

 Smith would have us hold that based on
 
 Gehring, White,
 
 and
 
 Lamb,
 
 anytime a firearm is retrieved from a vehicle after the person charged is out of the vehicle, the requirement that the firearm be “on or about the person” or “readily accessible” cannot be met. We decline to so hold.
 

 The facts in
 
 Gehring, White,
 
 and
 
 Lamb,
 
 are distinguishable from the instant case. In those cases, the defendant was out of the vehicle when approached by law enforcement. Here, Smith concealed the firearm underneath the passenger seat as the deputy approached the vehicle. We cannot say as a matter of law that the firearm was not “on or about his person” or not “readily accessible” to him. Smith had been outside his vehicle for a mere seven minutes before the firearm was retrieved. The facts of the instant case are much closer to the facts of
 
 J.E.S.
 
 than
 
 Gehring, White, or Lamb.
 

 We therefore reverse the dismissal and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 TAYLOR and CONNER, JJ., concur.