Gerber, J.
The defendant appeals from his conviction for carrying a concealed firearm. He argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove the firearm was “on or about his person” or “readily accessible” to him at the time of his encounter with the police. We agree with the defendant’s argument. This case is consistent with the Second District’s decisions in Gehring v. State, 937 So.2d 169 (Fla. 2d DCA 2006), and Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996). This case also is distinguishable from our decision in State v. Smith, 67 So.3d 409 (Fla. 4th DCA 2011). Therefore, we reverse.
We present this opinion in four parts:
1. the facts and procedural history;
2. the applicable statutes on carrying a concealed firearm;
3. why this case is consistent with Geh-ring and Lamb\ and
4. why this case is distinguishable from Smith.

1. Facts and Procedural History

We present the facts in the light most favorable to the state as the non-moving party on the defendant’s motion for judgment of acquittal. See Evans v. State, 177 So.3d 1219, 1239 (Fla. 2015) (“In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.”) (citations and internal quotation marks omitted).
The police were dispatched to a home after a report of someone with a gun firing two shots in the air while outside of the home.
The first officer on the scene was told by a witness that the defendant was the shooter, drove away in a certain make and model car, and was possibly going to a certain apartment complex. Based on that information, the officer issued a BOLO describing the defendant, his car, and the apartment complex.
A second officer hearing the BOLO drove straight to the apartment complex. That officer, during his direct and cross examinations, described the events from that point as follows:
OFFICER: As I pulled into the apartment complex I saw [the defendant] getting out of [his car] ... I stopped him, handcuffed him, placed him in the back of my ear, read him Miranda.
[[Image here]]
PROSECUTOR: Okay, just got out of his vehicle?
OFFICER: Yes.
[[Image here]]
DEFENSE: But, Officer, you said he was already out of that vehicle and walking toward his—
*98 OFFICER: Well, as I approached, he was getting out of the car .... Then walking away, then I stopped him.
DEFENSE: Okay. But he was already out by the time you stopped him, he was out of his vehicle and walking from it; is that correct?
OFFICER: Yes, after I watched him get out of his vehicle, yes.
DEFENSE: ' Okay. But you never stopped him in the vehicle?
OFFICER: No, ma’am.
The police asked the defendant where his gun was located. He said the gun was located in a gun storage box on the car’s back seat. The police found the box on the back seat, but the box was empty. After the police told the defendant that the box was empty, he said the gun was underneath the front seat, on the hump. The police found the gun in the car underneath the front seat. The gun would have been within the defendant’s reach while he was sitting in the driver’s seat. The gun was loaded. The defendant did not have a concealed firearm permit.
The police later determined that two shell casings discovered at the shooting scene were fired from the defendant’s gun.
After the state rested, the defendant moved for a judgment of acquittal. The defendant argued, in pertinent part:
I’m sure you know all the case law and in every single case where they found the Defendant guilty of having a concealed firearm under the seat, it’s when the officers asked them to step out. This is not such a case. And ... all the cases that are cited, when the defense moved for a judgment of acquittal, it’s always reversed on appeal because the Defendant was already out of the vehicle, placed in handcuffs. He was not in any type of easy, accessible reach to a handgun at that point in time, so this is a clear, clear case ... of a judgment of acquittal. There was no evidence presented by [the officer] that when he saw [the defendant], that he had to stop the vehicle. He said [the defendant] was already out of his vehicle walking towards his apartment and that he did put him in handcuffs and put him into the patrol vehicle. Subsequently, he had another officer go look and they did find the loaded handgun underneath the seat. But there was no easy accessibility of [the defendant] to the handgun, [so] it’s a clear JOA and I’m asking that you grant my motion.
The trial court denied the motion.
This appeal followed. The defendant, relying primarily on the Second District’s decisions in Gehring v. State, 937 So.2d 169 (Fla. 2d DCA 2006), and Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996), argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove the firearm was “on or about his person” or “readily accessible” to him at the time of his encounter with the police.
The state, relying primarily on our decision in State v. Smith, 67 So.3d 409 (Fla. 4th DCA 2011), responds that the defendant committed the crime of carrying a concealed firearm from the moment he placed the firearm underneath his car’s front seat when he left the shooting scene.
Our review is de novo. See Evans v. State, 177 So.3d at 1239 (“A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo.”).
We agree with the defendant’s argument. This case is consistent with Gehring and Lamb, and distinguishable from Smith.
Before addressing Gehring, Lamb, and Smith, we address the applicable statutes on carrying a concealed firearm.

*99
2. The Applicable Statutes on Carrying a Concealed Firearm

Section 790.01(2), Florida Statutes (2014), provides, in pertinent part: “A person who carries a concealed firearm on or about his or her person commits a felony of the third degree .... ” Section 790.001(2), Florida Statutes (2014), defines a “concealed firearm,” in pertinent part, as “any firearm ... which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.” (emphasis added).
Three statutory exceptions existed at the time of this alleged crime.
First, “[section 790.01] does not apply to a person licensed to carry a ... concealed firearm ....” § 790.01(3), Fla. Stat. (2014). This first exception is not at issue here because it is undisputed that the defendant was not licensed to carry a concealed firearm.
Second, “it is lawful and is not a violation of s. 790.01 for a person 18 years of age or older to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased ....”§ 790.25(5), Fla. Stat. (2014) (emphasis added). This second exception is not at issue here because it is undisputed that the defendant’s gun was not “securely encased” when it was found. See § 790.001(17), Fla. Stat. (2014) (“ ‘Securely encased’ means in a glove compartment, whether or not locked; snapped in a holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.”).
Third, “it is lawful and is not a violation of s. 790.01 for a person 18 years of age or older to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is ... not readily accessible for immediate use.” § 790.25(5), Fla. Stat. (2014) (emphasis added). Section 790.001(16), Florida Statutes (2014), defines “readily accessible for immediate use” as occurring when “a firearm or other weapon is carried on the person or within such close proximity and in such a manner that it can be retrieved and used as easily and quickly as if carried on the person.” (emphasis added). This exception is at issue here.
3. Why This Case is Consistent with Gehring and Lamb
In Gehring, detectives seeking to arrest the defendant on a criminal charge were waiting outside of his residence when he arrived in a car. After the defendant exited his car, the detectives arrested him and placed him in a patrol car. The detectives then looked into the defendant’s ear. On the front passenger seat, they found a jacket covering a shotgun.
The detectives charged the defendant with the crime which they had been investigating, plus the crime of carrying a concealed firearm. At trial, the defendant failed to move for a judgment of acquittal on the carrying a concealed firearm charge. However, on appeal, the defendant argued that he was entitled to a judgment of acquittal on the carrying a concealed firearm charge because the shotgun was not “on or about his person” after he had exited his car and encountered the detectives.
The Second District reversed the defendant’s conviction. Then-Judge Canady, writing for the Second District, concluded even though the defendant failed to move for a judgment of acquittal, the error was fundamental because the evidence was insufficient to establish that the defendant *100 committed the crime of carrying a concealed firearm. According to the court, “[tjhe evidence presented at trial did not show that the firearm was simultaneously carried by [the defendant] and concealed.” Gehring, 937 So.2d at 171.
In reaching the decision, the court relied on its earlier decision in Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996). In Lamb, the defendant was involved in a shooting and then returned home in his car. When he arrived, he removed the firearm from the front seat and placed it beneath the car’s driver’s seat. He then exited and locked the car and walked toward his home. An officer who had been following the defendant pulled up nearby, observed the defendant, and then arrested him. Later that evening, officers returned with the defendant to his home, the defendant informed the officers that his gun was in the car, and an officer retrieved the gun. On appeal, the defendant argued that the trial court erred in denying his motion for judgment of acquittal of the charge of carrying a concealed firearm. The court agreed with the defendant and reversed his conviction. The court reasoned: “At the time of his arrest, we conclude as a matter of law that the [defendant’s] firearm was not readily accessible to him .... [N]o view of the undisputed evidence supports the conclusion that he carried a concealed firearm ‘on or about his person’ in this instance.” Lamb, 668 So.2d at 668 (emphasis added).
The instant case is consistent with Geh-ring and Lamb. Here, the defendant was involved in a shooting and then drove to an apartment complex in his car. At some point between the time when he left the shooting scene and arrived at the apartment complex, he put the gun underneath the front seat. When he arrived at the apartment complex, he exited his car and walked toward the apartment complex. An officer who had come to the apartment complex observed the defendant walking from his car, and then arrested him. The defendant, after an initial misstatement, informed the police that his gun was located under the front seat. The police then retrieved the gun from under the front seat. Under these circumstances, like the Second District, we must conclude as a matter of law that, at the time of the defendant’s encounter with the police, his firearm was not “readily accessible for immediate use.” § 790.26(5), Fla. Stat. (2014). That is, no view of the undisputed evidence supports the conclusion that, at the time of the defendant’s encounter with the police, he had his gun “within such close proximity and in such a manner that it [could have been] retrieved and used as easily and quickly as if carried on [his] person.” § 790.001(16), Fla. Stat. (2014). Accordingly, we must reverse the conviction.
A Why This Case is Distinguishable from Smith
In Smith, a deputy stopped the defendant for speeding. At the deputy’s request, the defendant stepped out of his vehicle and accompanied the deputy to his patrol car, where the deputy waited for backup and conducted a license check. Upon discovering that the defendant’s license was suspended, the deputy asked him whether he had any weapons or drugs in the vehicle. The defendant informed the deputy that there was a firearm under the front passenger seat. The deputy returned to the defendant’s vehicle and retrieved the firearm from under the front passenger seat.
After the state charged the defendant with carrying a concealed firearm, the defendant filed a motion to dismiss the charge. At the hearing on the motion, the defendant argued that dismissal was warranted because the firearm was not “readily accessible” to him while he was outside *101 the vehicle when the firearm was retrieved. The circuit court granted the defendant’s motion to dismiss. The court reasoned that once the defendant was outside his vehicle, the firearm no longer was “on about or his person.”
On appeal, the state argued the circuit court erred in granting the defendant’s motion to dismiss because there was a prima facie case that the firearm was “readily accessible” to the defendant at the time the deputy encountered the defendant. According to the state, the facts demonstrated that the firearm was under the seat beside the defendant when he was approached by the deputy.
We agreed with the state and reversed. We reasoned, in pertinent part:
[The defendant] would have us hold that based on Gehring ... and Lamb, anytime a firearm is retrieved from a vehicle after the person charged is out of the vehicle, the requirement that the firearm be “on or about the person” or “readily accessible” cannot be met. We decline to so hold.
The facts in Gehring ... and Lamb are distinguishable from the instant case. In those cases, the defendant was out of the vehicle when approached by law enforcement. Here, [the defendant] concealed the firearm underneath the passenger seat as the deputy approached the vehicle. We cannot say as a matter of law that the firearm was not “on or about his person” or not “readily accessible” to him. ...
67 So.3d at 414.
The instant case is distinguishable from Smith for the same reason why we found Gehring and Lamb to be distinguishable from Smith. Here, as in Gehring and Lamb, the defendant already was out of his vehicle when approached by law enforcement. Because the defendant already was out of his vehicle when approached by law enforcement, we cannot say as a matter of law that, at the time of their encounter, the firearm was then “on or about [the defendant’s] person” or “readily accessible” to him. See also Ensor v. State, 403 So.2d 349, 355 (Fla. 1981) (“The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm.”) (emphasis added).

Conclusion

Based on the foregoing, we agree with the defendant that the trial court erred in denying his motion for judgment of acquittal, because the state failed to prove the firearm was “on or about his person” or “readily accessible” to him at the time of his encounter with the police. We reverse and remand for entry of a judgment of acquittal.

Reversed and remanded.

Damoorgian and Klingensmith, JJ., concur.