SCHEB, Judge.
A grand jury charged Leroy Dennis Harden with first degree murder by an indictment which alleged:
The Grand Jurors of the County of Hills-borough, State of Florida, charge that LEROY DENNIS HARDEN, on the 12th day of May, 1979, in the County and State aforesaid, unlawfully and from a premeditated design to effect the death of TYRONE JOHNSON, did murder the said TYRONE JOHNSON by shooting him with a firearm, a more detailed description of which is to the Grand Jurors unknown, contrary to the form of the statute in such cases made and provided, to-wit: Florida Statute 782.04.
Pursuant to Florida Rule of Criminal Procedure 3.190(b), Harden moved to dismiss the indictment on the ground that it failed to allege that either he or Johnson were persons or human beings. The trial court granted the motion and this appeal ensued.
The indictment for first degree murder is in substantial compliance with the statutory form which does not require designation of the victim or the accused as persons or human beings. § 923.03(l)(a), Fla.Stat. (1979). In Lee v. State, 115 Fla. 30, 155 So. 123 (Fla.1934), the Florida Supreme Court upheld a trial court’s denial of a defendant’s motion to quash an indictment for failure to allege that the victim was a human being. We perceive no reason to distinguish between a victim or an accused with regard to this type of allegation.
Accordingly, we vacate the order appealed from and reinstate the indictment.
BOARDMAN, Acting C. J. and CAMPBELL, J., concur.