ANTOON, J., II, Associate Judge.
The trial court granted Robert Irvin Crafton’s motion to dismiss the information charging him with trafficking in cocaine pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state appealed arguing the trial court erred in granting the motion. We agree and reverse.
Florida Rule of Criminal Procedure 3.190(c)(4) provides that the court may entertain a motion to dismiss an information or indictment when “there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts upon which the motion is based should be specifically alleged and sworn to.” Once a sufficient motion is filed including factual allegations constituting a valid defense or negating an essential element of the offense charged, the burden of persuasion shifts to the state. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977). The state may meet its burden by filing a traverse specifically denying “under oath material fact or facts alleged in the motion to dismiss” in which case the motion to dismiss should be denied pursuant to Florida Rule of Criminal Procedure 3.190(d).
In the instant case, defendant’s motion to dismiss was insufficient. The motion did not include specific allegations of material fact under oath. He simply referred to information included in the arrest report. The motion reads:
*778 1. On or about October 6, 1989, the instant defendant was seated in a vehicle with Gerald Hicks.
2. According to arrest reports prepared by the arresting officers in the instant cause the following occurred: ... (The remainder of the motion recited contents of the arrest reports.)
Because the motion is insufficient, the burden never shifted to the state. The state’s traverse was therefore superfluous, and the motion to dismiss should have been denied. 346 So.2d at 1045-1046.
REVERSED and REMANDED.
COWART and GRIFFIN, JJ., concur.