PER CURIAM.
Appellant raises a number of issues on appeal, one of which has merit. The trial court erred in denying appellant’s motion to dismiss as to the charge of possession of a concealed firearm. See Ashley v. State, 619 So.2d 294 (Fla.1993).[1] Appellant’s conviction for “attempted” carrying of a concealed firearm is reversed and remanded with directions to discharge the appellant as to that charge. In all other respects, the judgment is affirmed.
WOLF and WEBSTER, JJ., concur.
LAWRENCE, J., dissents with written opinion.

. While the dissent argues that the motion to dismiss was legally insufficient because it was not properly sworn to, we would note that this was not an issue raised by the state at trial or in its brief. The state's traverse did not controvert the essential facts relating to the Ashley issue. At trial, the facts as laid out in the defendant's motion were essentially shown to be true. Under all of these circumstances, we decline to affirm based on the insufficiency of the oath.