PER CURIAM.
Charged with attempted murder and armed robbery, Troy Edward Styron joined a codefendant’s motion to dismiss the armed robbery count. After a hearing, the circuit court denied the motion. Styron then entered a nolo contendere plea to aggravated battery and armed robbery, specifically reserving his right to appeal the denial of his motion to dismiss. Because the motion to dismiss did not comply with the requirements of Florida Rule of Criminal Procedure 3.190(c)(4), we affirm the circuit court’s denial of the motion.*
Neither the motion to dismiss nor appellant’s notice of joinder was sworn to. While citing only Florida Rule of Criminal Procedure 3.190(b), the motion is of the type authorized by Rule 3.190(c)(4), which directs that a motion to dismiss should be granted where:
[tjhere are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
This court has previously discussed the nature and purpose of a 3.190(c)(4) proceeding which is
“to permit a pretrial determination of the law of the case where the facts are not in dispute, in a sense somewhat similar to summary judgment proceedings in civil cases (except that a dismissal under the rule is not a bar to a subsequent prosecution).”
Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA 1977), cert. denied, State v. Ellis, 352 So.2d 175 (Fla.1977) quoting State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971). More recently, the Fifth District Court of Appeal has stated:
The function of a “(c)(4)” motion to dismiss is to ascertain whether or not the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt of the accused.
State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981) citing State v. Davis, 243 So.2d 587 (Fla.1971). Florida Rule of Criminal Procedure 3.190(c)(4) explicitly requires that “[t]he facts on which such motion is based should be specifically alleged and the motion sworn *967 to.” Failure to swear to a “(e)(4)” motion to dismiss is fatal. E.g., State v. Crafton, 575 So.2d 777 (Fla. 5th DCA 1991); State v. Smith, 575 So.2d 314 (Fla. 2d DCA 1991); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979).
Affirmed.
BOOTH, JOANOS and BENTON, JJ., concur.

 We affirm on this ground even though it was not raised by either party. See Dungan v. Ford, 632 So.2d 159, 164 (Fla. 1st DCA 1994); Maddry v. State, 585 So.2d 359, 364 (Fla. 1st DCA 1991). We recognize that in Archie v. State, No. 94-2263, 660 So.2d 348, 348 n. 1 (Fla. 1st DCA September 5, 1995), this court recently "declined] to affirm based on the insufficiency of the oath” on a Rule 3.190(c)(4) motion to dismiss where the issue was not raised by the state. In Archie, however, "[a]t trial, the facts as laid out in the defendant's motion were essentially shown to be true.” Id. Styron, on the other hand, did not proceed to trial and the facts of this case have never been established under oath.