815 So.2d 680 (2002)
STATE of Florida, Appellant,
v.
Paul PASKO, Appellee.
No. 2D01-253.
District Court of Appeal of Florida, Second District.
April 3, 2002.
Rehearing Denied May 3, 2002.
*681 Robert A. Butterworth, Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellant.
Donald P. Day, of Berry, Day & McFee, Naples, for Appellant.
DAVIS, Judge.
The State challenges the circuit court's order dismissing the information against Paul Pasko. The information charged Pasko with seventy-seven counts of possession of child pornography, in violation of section 827.071(5), Florida Statutes (1999). We reverse.
The charges arose when Pasko was found to be in possession of seventy-seven photographs of nude female children. In response to the charges, Pasko filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). He alleged that based on the undisputed facts set forth in his motion, the State would be unable to establish a prima facie case because the pictures did not violate Florida law. The State acknowledged that the facts were undisputed but argued that the pictures did depict "sexual conduct" and thus did violate the statute. The trial judge reviewed the photographs and granted the motion to dismiss. In doing so, he made specific findings that the pictures, as a matter of law, did not depict sexual conduct. The State appeals that order.
On a motion to dismiss, the State is required only to show a prima facie case. State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984). Furthermore, the State is entitled to the most favorable construction of the evidence, and all inferences should be resolved against the defendant. Id. "In sum, only where the most favorable construction to the state would not establish a prima facie case of guilt should a Rule 3.190(c)(4) ... motion to dismiss be granted." Id. at 215-16.
The purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are not in dispute. Styron v. State, 662 So.2d 965 (Fla. 1st DCA 1995). Accordingly, the standard of our review of the trial court's order is de novo.
We recognize that nudity alone does not constitute sexual conduct. See Schmitt v. State, 590 So.2d 404, 409 (Fla. 1991). However, our review here reveals that the instant photographs and the inferences drawn therefrom do provide the minimum proof necessary to establish a prima facie case of a violation of section 827.071(1)(g). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
FULMER and GREEN, JJ., Concur.