CANADY, Judge.
The State charged Dalia Fernandez with a violation of section 827.071(5), Florida Statutes (2000), for possessing a photograph of her six-year-old grandson holding his unclothed, erect sexual organ. Concluding that the photograph “as a matter of law fails to meet the statutory requirement necessary to deem the photograph child pornography,” the trial court dismissed the charge, and the State now appeals. The standard of review is de novo, and the dismissal of the charge must be reversed unless the evidence and the inferences from it — when viewed most favorably to the State — do not establish a prima facie case. State v. Pasko, 815 So.2d 680 (Fla. 2d DCA 2002). Because a jury could properly conclude that the photo depicts sexual conduct as defined by the statute, we reverse.
Section 827.071(5) states in pertinent part that “[i]t is unlawful for any person to knowingly possess a photograph ... which, in whole or in part, he or she knows to include any sexual conduct by a child.” Section 827.071(l)(g) defines sexual conduct in pertinent part as “masturbation” and “actual lewd exhibition of the genitals.” In Pasko, this court reversed the dismissal of an information charging seventy-seven violations of section 827.071(5) based on posed photographs of nude girls. Although recognizing that “nudity alone does not constitute sexual conduct,” this court held that the photographs and inferences drawn from them provided the minimum proof to establish a prima facie violation of the statute. Pasko, 815 So.2d at 681. Likewise in this case, the photo is sufficient to show a prima facie violation of the statute. See Schmitt v. State, 590 So.2d 404, 410-11 (Fla.1991) (“[I]t is evident beyond all doubt that any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents and whether or not that conduct originates from a parent.”). Accordingly, the trial court’s order of dismissal is reversed, and the ease is remanded for further proceedings.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.