CANADY, Judge.
The State charged Katherine Koczwara with unauthorized possession of a driver’s license in violation of section 322.212, Florida Statutes (2001), based on her possession of two driver’s licenses with altered license numbers. Koczwara’s motion pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) to dismiss the charge was granted by the trial court based on its conclusion that section 322.212 does not prohibit the possession of a driver’s license with an altered license number. The State appeals the trial court’s order which is now subject to de novo review. State v. Pasko, 815 So.2d 680 (Fla. 2d DCA 2002), review denied, No. SC02-1198, 835 So.2d 268 (Fla. Dec.27, 2002). We disagree with the trial court’s interpretation of the governing statutory provision and therefore reverse the dismissal.
Koczwara’s motion to dismiss stated that “three (3) driver’s licenses belonging to Ms. Koczwara” were found by an officer of the Lakeland Police Department in Koc-zwara’s vehicle. Koczwara’s motion further stated that “[t]he first driver’s license was unaltered in any way,” that “[t]he second driver’s license had two of the driver’s license numbers altered,” and that the third license “had only one of the driver’s *593 license numbers altered.” Finally, the motion stated that “[n]either Ms. Koczwara’s name, address, or date of birth was altered on any of these driver’s licenses.” Koc-zwara contended — and the trial court agreed — that these undisputed facts do not establish a prima facie case of a violation of section 322.212.
Section 322.212(l)(a) makes it unlawful for any person:
(a) Knowingly to have in his or her possession or to display any blank, forged, stolen, fictitious, counterfeit, or unlawfully issued driver’s license or identification card or any instrument in the similitude of a driver’s license or identification card unless possession by such person has been duly authorized by the department!!]
In support of her position that this subsection does not cover the possession of a driver’s license with an altered license number, Koczwara cites the prohibition against the possession of a driver’s license with an altered date of birth contained in section 322.212(5)(b): “It is unlawful for any person to have in his or her possession a driver’s license or identification card upon which the date of birth has been altered.” Koczwara argues that since no reference is made in the statute to other types of alterations, the only prohibition in section 322.212 relating to altered licenses is the prohibition on the possession of licenses with an altered date of birth. Under the interpretation advanced by Koc-zwara, it would be lawful for a person to possess a license that had been altered by changing the name, address, or photograph, as well as the license number. This reading of the statute urged by Koc-zwara — and apparently accepted by the trial court — is inconsistent with the plain meaning of the text.
The prohibitions contained in section 322.212(l)(a) — particularly the prohibitions on knowing possession of a “forged” or “fictitious” license — cover the possession of a driver’s license with an altered license number. Both “forged” and “fictitious” denote unauthorized changes made to a document that cause the document to convey information that is not true. The core meaning of “forgery” is “falsely making or altering a writing.” Random House Unabridged Dictionary 751 (2d ed.1993) (emphasis supplied); see also Dictionary of Modem Legal Usage 369 (2d ed.1995) (“forgery = a false document, or false part of a document, that someone has tried to make look genuine”) (emphasis supplied). Similarly, “fictitious” means “having the character of a fiction; pretended; ... false, not genuine.” Black’s Law Dictionary 624 (6th ed.1990). Accordingly, a driver’s license need not be entirely fabricated to be forged or fictitious. Material alterations to a license will create a forged or fictitious license. And a driver’s license with a falsely altered license number is as much a forged or fictitious license as a license with a false name, a false address, or a false photograph. Knowing possession of a license on which such basic identifying information has been altered is a violation of section 322.212(l)(a).
Section 322.212(5)(b) does establish a separate offense for possession of a driver’s license with an altered birth date, but it does not transform the plain meaning of “forged” and “fictitious” in section 322.212(l)(a). A violation of section 322.212(5)(b) is punishable pursuant to section 322.212(6) as a misdemeanor of the second degree. This penalty is symmetrical with the misdemeanor penalty imposed by section 322.212(6) for violations involving “giving a false age in any application for a driver’s license” under section 322.212(5)(a). Section 322.212(6) thus imposes misdemeanor, penalties for offenses related to false birth dates on licenses, rather than the felony penalties that it *594 imposes for all the other offenses related to licenses established in section 322.212. Section 322.212(5)(b) simply carves out one type of offense involving alteration of a driver’s license to make that type of offense subject to punishment less severe than the punishment meted out for other offenses under the statute. It neither explicitly nor implicitly removes other types of offenses involving altered driver’s licenses from the scope of the conduct plainly prohibited by section 322.212(l)(a).
Koezwara also argues that the prosecution of a case for possession of a forged driver’s license requires that the State establish a “specific intent to injure or defraud.” Although the general prohibition against the forgery of various documents (not including driver’s licenses) in section 831.01, Florida Statutes (2001), contains an express requirement that the forgery be committed “with intent to injure or defraud,” no similar requirement is found in section 322.212. In the absence of legislative provision for such a specific intent element of the offense created in section 322.212, it would be improper to require that the State charge and prove the existence of the specific intent to injure or defraud. See Reynolds v. State, 27 Fla. L. Weekly S1050, S1050, — So.2d -, 2002 WL 31856732 (Fla. Dec. 19, 2002) (discussing legislature’s “broad authority to determine any requirement for intent in the definition of a crime”).
Because the trial court erred by dismissing the charge against Koezwara, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.