[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16015
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00316-CR-J-32TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WILLIAM GODWIN,
a.k.a. Wildstang982004,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 7, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Robert William Godwin appeals his conviction for attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). On appeal, Godwin presents four issues: (1) whether the district

court erred in denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 and his motion for a new trial because there was insufficient evidence to support his conviction; (2) whether the district court abused its discretion in excluding certain expert testimony from a forensic psychologist; (3) whether the district court erred in denying a motion to suppress his post-arrest statements; and (4) whether the district court abused its discretion in admitting at trial the videotape and transcript of his post-arrest interview. After careful review, we affirm.

In the summer of 2008, Godwin entered a Yahoo! chat room using the screen name "wildstang 982004" and engaged in sexually explicit conversations on five separate occasions with "Cary Anne Leeds" – an individual that Godwin believed to be a fourteen-year-old girl. Unbeknownst to Godwin, Cary was actually an adult undercover investigator with the Child Predator Cyber Crime Unit of the Florida Attorney General's Office. In their online conversations, Godwin extensively questioned Cary on a variety of sexually explicit topics. For example, Godwin asked Cary whether she was a virgin, whether she would let an older guy touch her on the "ass" or "breast," whether she would let Godwin see her naked, how she would feel about sex if they started dating, and how she would feel about performing various sexual activities with Godwin and others. During multiple conversations, Godwin expressed concern over law enforcement involvement. Despite these concerns,

Godwin eventually arranged to meet Cary at a Burger King restaurant around lunchtime. When Godwin arrived and parked his Ford Mustang near the Burger King, he was arrested.

After his arrest, officers interviewed Godwin at the police station, and this interview was videotaped. The officers advised Godwin of his *Miranda* rights, and Godwin read, initialed, and signed a form waiving these rights. The officers did not tell Godwin that he had been chatting online with an undercover officer, but instead deceptively told him that a frantic mother had called after discovering that her daughter was gone. During this interview, Godwin confirmed the contents of the chats with Cary, admitted that no one else would have used his computer to engage in the chats, admitted that he had known that she was only fourteen years old, spoke about his reasons for deciding to meet Cary, and admitted that he had engaged in similar online sex talk with other minor girls. Several times during the interview, Godwin stated that he was not a pedophile but that he was being made to feel like one. The investigators assured him that no one was calling him a pedophile.

At trial, the district court admitted the videotape and transcript of the interview into evidence. The district court also permitted Godwin's expert witness, Dr. Alan J. Harris, a forensic psychologist, to testify about certain subjects, but not others. Considering that Godwin had asserted an entrapment defense, the district court

3

permitted Dr. Harris to testify about whether Godwin was particularly susceptible to inducement while chatting on the internet. The district court further ruled, however, that Godwin could not elicit Dr. Harris's opinion that Godwin was neither a pedophile nor a predator.

Godwin was convicted and ultimately sentenced to 121 months' imprisonment. This appeal followed.

A. Sufficiency of the Evidence

Godwin argues that the evidence at trial was insufficient to sustain his conviction under 18 U.S.C. § 2422(b) because the Government did not prove the existence of a real child victim. According to Godwin, proof of a real child victim is necessary because the underlying Florida crime cited in the indictment–lewd or lascivious battery (Fla Stat. § 800.04(4)(a)-(b))–requires a real child victim.

We review de novo issues of statutory interpretation and sufficiency of the evidence. *United States v. Sabretech, Inc.*, 271 F.3d 1018, 1022 (11th Cir. 2001).

The federal statute under which Godwin was charged, 18 U.S.C. § 2422(b), makes it illegal for an individual to attempt to knowingly persuade, induce, entice, or coerce any individual under the age of eighteen to engage in illicit sexual activity.[1]

---

[1] The full statutory text reads:
> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial

"The underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). Thus, if a defendant attempts to persuade a minor to engage in illicit sexual activity, but does not actually engage in a sex act, § 2422(b) has still been violated. Moreover, we have clearly held that an actual minor victim is not required for an attempt conviction under § 2422(b); rather, the defendant's belief that a minor was involved is sufficient to sustain the conviction. *See United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002); *accord United States v. Brenton-Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010); *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010); *United States v. Yost*, 479 F.3d 815, 819 & n.2 (11th Cir. 2007); *United States v. Hornaday*, 392 F.3d 1306, 1309-11 (11th Cir. 2004); *Murrell*, 368 F.3d at 1286-88.

Godwin recognizes this precedent but nonetheless contends that a real child victim is required to sustain his conviction under § 2422(b). He argues that all of the cases in this circuit holding that an actual minor victim is not required for an attempt

jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

5

conviction under § 2422(b) are distinguishable because they involved clear violations of the underlying predicate offense and did not address the Florida lewd or lascivious battery statute (Fla. Stat. § 800.04(a)-(b)) at issue in this case. Godwin contends that this statute requires an actual battery on a real child victim. Godwin then reasons that the evidence supporting his federal conviction under § 2422(b), which incorporates this Florida statute by reference, is insufficient because no real child victim was involved.

We reject Godwin's argument for two reasons. First, § 2422(b) does not require the defendant to violate the underlying state statute to be convicted. *See United States v. Mannava*, 565 F.3d 412, 417 (7th Cir. 2009) (noting that defendant does not have to violate underlying state statute in order to be convicted under § 2422(b)). Rather, § 2422(b) itself criminalizes *the attempt* to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity for which a person can be charged with a criminal offense. So even if Godwin were correct that Fla. Stat. § 800.04(a)-(b) only criminalizes the completed sexual act (an actual battery on a real child victim), § 2422(b) would still impose liability because that section itself explicitly criminalizes the attempt to persuade a minor to engage in criminal sexual activity.

Second, the offense of lewd and lascivious battery under Florida law, contrary to Godwin's contention, can be committed by attempt and does not require a real child victim. *See Hudson v. State*, 745 So. 2d 997, 1000-01 (Fla. 2d DCA 1999) (holding that defendant may be convicted of Florida crime of attempted lewd or lascivious act in case involving undercover detective posing as fourteen-year-old boy); *Bist v. State*, 35 So. 3d 936, 941-42 (Fla. 5th DCA 2010) (affirming Florida conviction for attempted lewd or lascivious battery in case involving thirteen-year-old decoy). Therefore, Godwin's no-actual-child challenge to his § 2422(b) conviction for attempted enticement fails.

## B. Expert Testimony

Godwin argues that the district court erred in prohibiting his expert witness, Dr. Alan J. Harris, from testifying about particular subjects at trial. Dr. Harris was prohibited from testifying (1) that Godwin was not a pedophile or a sexual predator, and (2) that Godwin was diagnosed with an impulse control disorder. Godwin claims that the exclusion of this testimony deprived him of the right to present evidence on the second element of his entrapment defense, namely, that he was not predisposed to commit the crime prior to the Government's inducement.

We review for abuse of discretion a district court's ruling on the admissibility of expert testimony. *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc).

The district court did not abuse its discretion in preventing Dr. Harris from testifying that Godwin was not a pedophile or a sexual predator. The issue of whether Godwin was a pedophile or a predator was not relevant to the elements of § 2422(b), to the entrapment defense, or to rebut an argument of the Government. Testimony on the subject of pedophilia and child predators, moreover, would have confused or misled the jury as to whether Godwin was on trial for being a pedophile or predator rather than for the crime with which he was actually charged.

Nor did the district court abuse its discretion in preventing Dr. Harris from testifying about Godwin's impulse control disorder. The district court provided Godwin an opportunity to present his entrapment defense and to explain how his personality disorders relate to his susceptibility to inducement. Dr. Harris was permitted to testify that Godwin had a sexual compulsion disorder that compelled him to engage in sexual activity. Dr. Harris further testified that Godwin had an affirmation addiction that made it difficult for Godwin to say "no." And, Dr. Harris testified that Godwin's conditions made him more susceptible to commit a sexual crime than one who does not have his disorder. The district court allowed Godwin

8

to elicit testimony to support his entrapment defense, and did not abuse its discretion in excluding some portions of Dr. Harris's testimony.

C. Motion to Suppress

Godwin argues that the district court erred in denying his motion to suppress the videotape and transcript of his post-arrest custodial interview. The motion to suppress asserted violations of the Fifth Amendment. (R.1-21.) Godwin contends that the waiver of his *Miranda* rights had been unknowing, involuntary, and unintelligent because the investigators deceived him into thinking that Cary was a real fourteen-year-old girl with a concerned mother. In response, the United States contends that Godwin waived his right to appellate review of his suppression arguments by failing to object to the magistrate judge's report and recommendation.

We conclude that Godwin waived his right to appellate review of his motion to suppress. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), a defendant's failure to file specific written objections to a magistrate judge's recommendation within ten days after being served with the recommendation, or by some other date set by the court, constitutes a waiver of the right to appellate review.[2] Godwin did not

---

[2] Rule 59 has been amended to change the time in which a party must file an objection to the magistrate judge's proposed findings and recommendations. The time period is now fourteen days rather than ten days. This amendment, however, was not effective when the magistrate judge issued the report and recommendation in this case.

file objections to the magistrate judge's report and recommendation, and the district judge adopted it. (R.1-49.) We conclude that appellate review of denial of the motion to suppress was waived.[3]

D. Admission of Videotape at Trial

Godwin argues that the district court abused its discretion in admitting the videotape of his post-arrest interview into evidence at trial. He contends that admission of the videotape was cumulative, irrelevant, and prejudicial with minimal probative value, in violation of Federal Rule of Evidence 402 and 403. Godwin also contends that certain statements in the videotape contained inadmissible references to other minor children with whom Godwin engaged in online sex talk, in violation of Federal Rule of Evidence 404(b).

The district court did not abuse its discretion in admitting the videotape of Godwin's post-arrest interview at trial. The videotape was highly relevant in showing Godwin's intent to commit the crime, as Godwin confirmed the contents of the chats, admitted that no one else would have used his computer to engage in the chats, admitted that he knew Cary was fourteen years old, and spoke about his plan to meet

---

[3] That Godwin "renewed" his motion to suppress when the United States sought to admit the videotape at trial, which the district court denied, does not affect Godwin's waiver. Because no new facts served as the basis for the renewed motion, the district judge's original order was law of the case, and Godwin could not relitigate the suppression issue at trial. *See United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970).

Cary and his reasons for meeting Cary. The relevance of the tape, moreover, was not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. Although Godwin claims that references to him as a "pedophile" were prejudicial, Godwin was the one who made these references in an effort to deny that he was a pedophile. The district court did not abuse its discretion in concluding that the probative value of the tape was not substantially outweighed by the danger of unfair prejudice.

Nor did the district court abuse its discretion in admitting the portion of the videotape in which Godwin admitted that he had engaged in similar online sex talk with other minor girls. This evidence was admissible under Federal Rule of Evidence 404(b) to prove Godwin's intent to induce Cary to engage in illegal sexual activity and to undermine Godwin's entrapment defense. *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) (a similarity between the prior act and the charged offense will make the other bad act highly probative about a defendant's intent in the charged offense). The probative value of the evidence outweighed any prejudice created by its admission.[4]

---

[4] Godwin also argues that the district court violated Federal Rule of Evidence 404(b) because the videotape contained references to state charges that could have been brought against him. Godwin's objection to these references came after the jury watched the videotape, and the district court ordered stricken from the transcript references to the state charges. Godwin's objection came too late. And, admission of this evidence was, in light of all the other evidence, harmless.

AFFIRMED.