IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 27, 2016

PIERRE LUDOVIC DUCLOS-LASNIER, )
                                )
         Appellant,             )
                                )
v.                              )    Case No. 2D14-2415
                                )
STATE OF FLORIDA,               )
                                )
         Appellee.              )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing is granted. The prior opinion dated April 1,
2016, is withdrawn, and the attached opinion is issued in its place. No further motions
for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

PIERRE LUDOVIC DUCLOS-LASNIER, )
)
Appellant, )
)
v. )                   Case No. 2D14-2415
)
STATE OF FLORIDA, )
)
Appellee. )
_____ )

Opinion filed May 27, 2016.

Appeal from the Circuit Court for Manatee
County; Charles E. Roberts, Judge.

N. Adam Tebrugge of Tebrugge Legal,
Bradenton, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, Susan M. Shanahan and
Jason M. Miller, Assistant Attorneys
General, Tampa, for Appellee.

SLEET, Judge.

Pierre Duclos-Lasnier challenges his convictions and sentences for use of

a computer to seduce, solicit, or entice a child to commit a sex act (count one); traveling

to seduce, solicit, or entice a child to commit a sex act (count two); attempted lewd or

lascivious battery on a victim twelve years old or older but younger than sixteen (count

three); and two counts of transmission of an image harmful to a minor (counts four and

five).  We affirm his convictions and sentences in counts two through five for the reasons discussed herein but vacate his conviction and sentence in count one because it violates the prohibition against double jeopardy.

Duclos-Lasnier met the female victim, L.S., at a public tennis court when her godmother approached him and inquired about tennis lessons for the victim.  During their conversation, Duclos-Lasnier asked L.S.'s godmother how old L.S. was, and the godmother responded that L.S. was thirteen years old.  Sometime after this meeting, Duclos-Lasnier obtained L.S.'s phone number and started sending her text messages that were sexual in nature.  After a couple of weeks, Duclos-Lasnier and L.S. mutually decided to end the texting relationship, and at Duclos-Lasnier's request, L.S. deleted from her cellular phone the text messages he had sent her.  However, she told a friend about the texting, and the matter ultimately came to the attention of the Manatee County Sheriff's Office.  As part of the Sheriff's investigation, deputies were able to recapture some of the texts that L.S. previously had deleted from her phone.  The texts included a picture of a male's clothed groin area with a male's hand down the front of the pants and a photo of a male's naked penis.  The wording of the texts indicated that these photos were of Duclos-Lasnier.

Eventually, a sheriff's deputy took possession of L.S.'s phone and, pretending to be L.S., began texting Duclos-Lasnier.  Through this text messaging, the deputy set up a meeting with Duclos-Lanier at a coffee shop with the stated purpose of Duclos-Lanier and the victim ultimately engaging in sex.  In the same text message, the deputy requested a picture of Duclos-Lasnier's penis, and Duclos-Lasnier obliged by

2

texting a photo of his erect penis. When Duclos-Lasnier arrived at the coffee shop, he was arrested.

Prior to trial, Duclos-Lasnier filed two motions to dismiss in which he challenged counts three, four, and five. Following a hearing, the trial court denied both motions. Duclos-Lasnier then entered open guilty pleas to all the charged offenses, reserving his right to appeal the denials of his dispositive motions to dismiss. The trial court sentenced him to 71.1 months' imprisonment on each of counts one, three, four, and five and to seventy-two months' imprisonment followed by four years' sex offender probation on count two; all sentences are to be served concurrently.

Duclos-Lasnier first argues on appeal that the trial court erred in denying his motions to dismiss as they related to count three. In his first motion to dismiss, he argued that the charge of attempted lewd or lascivious battery on a child twelve or older but younger than sixteen should be dismissed because the State could never establish the victim's age to be between twelve and sixteen due to the fact that when Duclos-Lasnier arranged to meet the victim he was actually texting an adult sheriff's deputy. See § 800.04(4)(a), Fla. Stat. (2012).

However, "Florida has not adopted the defense of legal impossibility. Therefore, the issue is not the legal impossibility of the offense[] but whether [the appellant] possessed the requisite intent and committed sufficient overt acts to effectuate that intent." Hudson v. State, 745 So. 2d 997, 1000-01 (Fla. 2d DCA 1999) (citation omitted). Furthermore, Duclos-Lasnier exchanged text messages with a phone number he knew to belong to a thirteen-year-old girl. Those messages included a picture of his naked penis sent from his phone and an agreement to meet at an

3

arranged location for the stated purpose of ultimately engaging in sex. Duclos-Lasnier then arrived at the arranged location prepared to have sex with a minor. Even though he was actually communicating with a police officer portraying himself as a thirteen-year-old girl, every reasonable inference indicates that Duclos-Lasnier attempted to meet a thirteen-year-old girl in order to have sex with her; he clearly was not trying to meet an adult police officer. See generally § 800.04(d), Fla. Stat. (2012) (defining "victim" as "a person upon whom an offense described in this section was committed or attempted or a person who has reported a violation of this section to a law enforcement officer" (emphasis added)).

Duclos-Lasnier also sought the dismissal of count three by arguing that the State could not establish the attempt because it could not show that he had committed an overt act toward the completion of the crime. "Criminal attempt requires three elements: the intent to commit a crime, an overt act towards its commission, and failure to successfully complete the crime." Bist v. State, 35 So. 3d 936, 941 (Fla. 5th DCA 2010). In determining whether a defendant committed a sufficient overt act to constitute an attempt "the statutory question is whether he did 'any act toward the commission of' the offense. Florida case law, in general, focuses on whether a defendant's actions were preparatory or overt." Hudson, 745 So. 2d at 999-1000 (quoting § 777.04(1), Fla. Stat. (1995)). Duclos-Lasnier maintains that his actions here were merely preparatory. We do not agree.

"An overt act is one that manifests the pursuance of a criminal intent, going beyond mere preparation to the actual commencement of the crime." Bist, 35 So. 3d at 941. Here, while the act of sending a text agreeing to meet the victim may be

4

classified as preparatory, texting a picture of his naked erect penis and showing up at the designated location for the stated purpose of having sex with the victim demonstrated Duclos-Lasnier's willingness and ability to consummate the criminal offense.  See id.; see also Hudson, 745 So. 2d at 1101 ("[T]he line between preparatory acts and overt acts is difficult to draw and tends to be case specific.").  As such, we affirm Duclos-Lasnier's judgment and sentence in count three.[1]

As to his convictions on counts four and five, Duclos-Lasnier argues on appeal that the trial court erred in denying his motion to dismiss these counts for transmission of an image harmful to a minor.  The bases of these charges were two photos of Duclos-Lasnier's naked penis that he sent to the victim via cellular phone text messages.  He maintains that photos sent as text messages do not violate section 847.0138(2), Florida Statutes (2012), the statute under which he was charged.  That section provides that "any person who knew or believed that he or she was transmitting an image, information, or data that is harmful to minors . . . to a specific individual known by the defendant to be a minor commits a felony of the third degree."  The statute defines "transmit" as "to send to a specific individual known by the defendant to be a minor via electronic mail."  § 847.0138(1)(b) (emphasis added).  However, the statute does not define the term "electronic mail."  Duclos-Lasnier maintains that the term does not include cellular phone texts.  We do not agree.

"Questions of statutory interpretation are subject to de novo review." Mendenhall v. State, 48 So. 3d 740, 747 (Fla. 2010).  And "[l]egislative intent is the

---

[1]Duclos-Lasnier also argues on appeal that the trial court committed a procedural error in conjunction with the hearing on the motions to dismiss.  We find no merit to this argument.

5

polestar that guides a court's statutory construction analysis." Knowles v. Beverly Enters.-Fla., 898 So. 2d 1, 5 (Fla. 2004). "In determining that intent . . . 'we look first to the statute's plain meaning.' " Id. (quoting Moonlit Waters Apartments, Inc. v Cauley, 666 So. 2d 898, 900 (Fla. 1996)).

The plain meaning of the term "electronic mail" or "email" is "a means or system for transmitting messages electronically (as between computers on a network)." Merriam-Webster's Collegiate Dictionary 405 (11th ed. 2014). Although the use of a computer is included in the definition, it is added only as a parenthetical example and is not a required element. In Simmons v. State, 944 So. 2d 317, 325 n.7 (Fla. 2006), the Florida Supreme Court approved of the First District's opinion in Simmons v. State, 886 So. 2d 399 (Fla. 1st DCA 2004), and "agree[d] with the First District's interpretation of 'electronic mail' as including both email and electronic mail sent by instant messaging." "Instant messaging" is defined as "a means or system for transmitting electronic messages instantly." Merriam-Webster's Collegiate Dictionary 648 (11th ed. 2014).

Based on these definitions, we conclude that there is no substantial difference between either an email or an instant message sent by computer and a text message, which is defined as "a short message sent electronically usually from one cell phone to another." See Merriam-Webster's Collegiate Dictionary 293 (11th ed. 2014). Like emails and instant messages sent from a computer, text messages sent from a cellular phone are sent electronically, are sent to a specific individual, and can include "image[s], information, [and] data." See § 847.0138(3) (defining the offense as "transmitting an image, information, or data that is harmful to minors"). And nothing in the plain language of the statute requires the use of a computer or the Internet. In fact, it is

6

common knowledge that service providers offer users internet access and the ability to send emails and instant messages not only from computers but also from tablets, cellular phones, and now even watches as well.

However, to the extent that the statutory use of the term "electronic mail" may be considered "unclear, we apply rules of statutory construction and explore legislative history to determine legislative intent." Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003). "To discern legislative intent, courts must consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute." Id. (quoting State v. Andersen, 764 So. 2d 848, 849 (Fla. 3d DCA 2000)). Here, the evil that the legislature is trying to prevent is minors being exposed to harmful images.

To that end, the legislature passed this statute and entitled it "Transmission of material harmful to minors to a minor by electronic device or equipment prohibited; penalties." § 847.0138 (emphasis added). The Florida Supreme Court has explained that "in determining legislative intent, we must give due weight and effect to the title of the section. 'The title is more than an index to what the section is about or has reference to; it is a direct statement by the legislature of its intent.' " Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So. 2d 20, 25 (Fla. 2004) (citation omitted) (quoting State v. Webb, 398 So. 2d 820, 824-25 (Fla. 1981)). Here, not only is there no language in the statute requiring that the "electronic mail" be sent from a computer, the very title of the statute contemplates that some other electronic device or equipment may be used. Accordingly, we can see no reason to differentiate a text message from an email or instant message communication.

Moreover, "[a]nother applicable maxim of statutory construction is that statutes will not be construed so as to reach an absurd result." Campbell v. State, 125 So. 3d 733, 741 (Fla. 2013) (quoting Vill. of Doral Place Ass'n v. RU4 Real, Inc., 22 So. 3d 627, 631 (Fla. 3d DCA 2009)).  Here, it would be absurd to conclude that conduct considered criminal when accomplished via an email or an instant message sent from a personal computer would somehow be less offensive and harmful because it is accomplished via text message using a cellular or smart phone.  And it would be even more absurd to criminalize conduct when it is accomplished via the email and internet applications of a cellular phone but excuse the same conduct when it is carried out by using the text messaging application of that same cellular phone.

The intent of the statute is to prohibit the direct transmission of harmful images to a minor.  Despite any perceived minute technological differences between emails or instant messages and text messages, the end result is inescapably the same: a person can electronically send images, information, and data to a designated individual.  Because the statutory language is plain and unambiguous and the legislative intent is clear, we affirm Duclos-Lasnier's convictions and sentences for counts four and five and hold that texting a harmful image to a minor violates section 847.0138.

Finally, Duclos-Lasnier argues on appeal that his conviction in count one for use of a computer to seduce, solicit, or entice a child to commit a sex act and his conviction in count two for traveling to seduce, solicit, or entice a child to commit a sex act violate the prohibition against double jeopardy.[2]  The Florida Supreme Court has

---

[2]Although Duclos-Lasnier did not raise this argument below, he may raise it on appeal because "(a) [his] plea [wa]s a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is

8

resolved this issue in Shelley v. State, 176 So. 3d 914, 917 (Fla. 2015), by approving this court's decision in Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA 2014), and holding that "dual convictions for solicitation and traveling after solicitation based upon the same conduct impermissibly place [a defendant] in double jeopardy."  We therefore vacate Duclos-Lasnier's conviction and sentence for solicitation in count one because solicitation is the lesser offense but affirm his conviction and sentence for traveling in count two.  See Shelley, 176 So. 3d at 917; Pizzo v. State, 945 So. 2d 1203, 1207 (Fla. 2006).  Consequently we remand for resentencing using a corrected scoresheet.

Affirmed in part, reversed in part, and remanded.


KHOUZAM, J., Concurs.
SALARIO, J., Concurs in result only.

---

nothing in the record to indicate a waiver of the double jeopardy violation."  See Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994).