NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRODERICK FURLOW, DOC# S37568, )
                                       )
            Appellant,             )
                                         )
v.                                   )
                                         )      Case No.  2D15-1565
STATE OF FLORIDA,             )
                                         )
            Appellee.            )
_____ )

Opinion filed February 2, 2018.

Appeal from the Circuit Court for Manatee
County; Stephen Dakan, Senior Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Darla Dooley, Assistant
Attorney General, Tampa, for Appellee.


SLEET, Judge.

         Broderick Furlow appeals his judgment and sentences for two counts of

using a computer to commit lewd or lascivious exhibition, a second-degree felony under

section 847.0135(5)(b), Florida Statutes (2013), following a jury trial.  Because we agree

with Furlow that the State failed to prove a violation of section 847.0135(5), we reverse.

At trial, the State presented evidence that Furlow contacted the victim on a messaging application using his phone. After the victim asked him not to contact her anymore, Furlow sent several sexually explicit messages—the content of which made it clear that he was aware the victim was only twelve years old—and sent two pictures of his genitalia. The State admitted screenshots of the messages at trial, reflecting that Furlow and the victim were exchanging messages contemporaneously with each other.

Using a computer to commit lewd or lascivious exhibition is defined as follows:

> A person who . . . [i]ntentionally exposes the genitals in a lewd or lascivious manner . . . live over a computer online service, Internet service, or local bulletin board service and who knows or should know or has reason to believe that the transmission is viewed on a computer or television monitor by a victim who is less than 16 years of age.

§ 847.0135(5)(a) (emphasis added). Furlow contends that the trial court should have granted his motion for judgment of acquittal because transmitting a photograph is not a live exposure and therefore could never be a violation of section 847.0135(5). The State responds that it presented sufficient evidence that the pictures were sent as part of a live conversation, which it believes satisfies the language of section 847.0135(5)(a). We disagree.

Historically, the crime of lewd or lascivious exhibition has required a contemporaneity of time and place to support a conviction. See, e.g., State v. Werner, 609 So. 2d 585, 586 (Fla. 1992) (explaining that to prove lewd or lascivious exhibition under section 800.04(3), Florida Statutes (1987), the State must offer evidence that the defendant committed a "lewd or lascivious act *in the presence of* any child" and defining presence as "encompass[ing] sensory awareness as well as physical proximity"). And

Florida courts have previously reversed convictions for lewd or lascivious exhibition under section 800.04 when they were based on showing a photograph to the victim. See Adams v. Culver, 111 So. 2d 665, 666 (Fla. 1959) (holding that showing a child a "lewd and pornographic picture" did not support a conviction for lewd or lascivious exhibition under section 800.04 and explaining that it would support a charge under section 847.01, Florida Statutes (1957), which prohibited showing a lewd photograph to a minor); Brady v. State, 553 So. 2d 316, 317 (Fla. 1st DCA 1989) (concluding that throwing nude photographs from an automobile did not constitute lewd or lascivious exhibition under section 800.04 because the defendant "did not commit a *lewd act* in the *presence* of a child").

The legislature removed the requirement that the victim and the offender share the same location in 2000 when it created the offense of using a computer to commit lewd or lascivious exhibition, requiring only that the exhibition be "live over a computer on-line service."  Ch. 00-246, §1, at 2399, Laws of Fla.  Although not controlling, a review of the legislative history behind section 847.0135(5)(a) is helpful to our determination.  The legislature originally included this offense in section 800.04(7)(b); when it was enacted, the language was materially identical to the current language in section 847.0135(5)(a).  Ch. 00-246, §1, Laws of Fla.  The Juvenile Justice Committee's staff analysis for the house bill recognizes that historically the offense of lewd or lascivious exhibition required that the offender and the victim "share proximity of both 'real' time and 'real' vicinity to the prohibited act" but that online services "make it possible for individuals to share proximity of time and 'virtual vicinity' though they may be physically located miles apart."  Fla. H.R. Comm. on Juv. Justice, HB 683 (2000)

- 3 -

Staff Analysis 5-6 (Jan. 27, 2000). The staff analysis reflects that accordingly, the bill was designed to address "the 'virtual vicinity' capability of the Internet. . . . In other words, the bill penalizes lewd or lascivious exhibition whether it occurs 'live and in person' or 'live over the Internet.' " Id. at 6.

The plain language of section 847.0135(5)(a) requires that the lewd or lascivious exhibition occur "live" over an online service. Moreover, the history of the crime of lewd or lascivious exhibition and the legislative documents surrounding the creation of the crime of using a computer to commit lewd or lascivious exhibition support our conclusion that section 847.0135(5)(a) prohibits only live conduct; while the legislature intended to remove the requirement that the exhibition occur while the offender and the victim were in the same location, it did not remove the requirement that the act of exhibition occur contemporaneously. Although the transmission of the lewd pictures occurred as part of a live conversation between the victim and the defendant, the content of the still images was not live. As such, the State failed to prove that the exhibition was live within the meaning of section 847.0135(5)(a).

We note that the State's evidence in this case may have supported a conviction for transmission of material harmful to a minor under section 847.0138(2). See, e.g., Duclos-Lasnier v. State, 192 So. 3d 1234, 1240 (Fla. 2d DCA 2016); Simmons v. State, 886 So. 2d 399, 403 (Fla. 1st DCA 2004) (explaining that section 847.0138 "pertains to harmful images . . . sent to a specific individual known by the defendant to be minor"), approved, 944 So. 2d 317 (Fla. 2006). But the State did not charge Furlow with a violation of section 847.0138(2), nor did it seek a jury instruction based on section 847.0138(2). And the State has not identified, nor could we find, a

- 4 -

Florida case upholding a conviction for lewd or lascivious exhibition under section 847.0135(5) or section 800.04 based on the transmission of still images. Without any evidence that Furlow exposed himself live over the Internet or another online service, we are constrained to reverse Furlow's convictions under section 847.0135(5). See Lifka v. State, 530 So. 2d 371, 376 (Fla. 1st DCA 1988); see also Hutchinson v. State, 315 So. 2d 546, 547 (Fla. 2d DCA 1975) ("[I]t is . . . axiomatic that statutes creating and defining crimes cannot be extended by construction or interpretation to punish an act, however wrongful, unless clearly within the intent and terms of the statute."). We remand for the trial court to vacate Furlow's judgment and sentences in this case number.

Reversed and remanded with instructions.

VILLANTI and BADALAMENTI, JJ., Concur.